**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**N-E-M-B-**, an adult,

Petitioner,

v.

**CAMMILLA WAMSLEY**, Seattle Field Office Director, Immigration and Customs Enforcement and Removal Operations, **DAVID VENTURELLA**, Acting Director of Immigration Customs Enforcement, **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**, **MARKWAYNE MULLIN**, Secretary of the Department of Homeland Security, **U.S. DEPARTMENT OF HOMELAND SECURITY**, and **TODD BLANCHE**, Attorney General of the United States,[1]

Respondents.

Case No. 3:25-cv-989-SI

**ORDER**

**Michael H. Simon, District Judge.**

Petitioner N-E-M-B-, a citizen of Ecuador, was released into the United States on August 23, 2023, on an Order of Release on Recognizance under 8 U.S.C. § 1226(a). Respondents commenced removal proceedings, which entitled Petitioner to due process rights under 8 U.S.C. § 1229a. At his first immigration court appearance on June 10, 2025,

[1] The Court automatically substitutes all individually-named Respondents to the current officeholders. *See* Fed. R. Civ. P. 25(d).

Respondents dismissed Petitioner's removal proceedings and immediately detained him. That same day, Petitioner filed a Petition for a Writ of Habeas Corpus ("Petition"), asserting that his detention was unlawful. On December 9, 2025, the Court granted the Petition.

The government filed, and then voluntarily dismissed, an appeal before the U.S. Court of Appeals for the Ninth Circuit. Petitioner has until September 19, 2026 to file an application for fees under the Equal Access to Justice Act ("EAJA") in this district court. Respondents argue, however, that EAJA does not apply to habeas petitions, despite Ninth Circuit precedent to the contrary.

Now before the Court is Respondents' motion to stay this case pending the U.S. Supreme Court's decision in *Montoya Palacios v. Liggins*, Case No. 25-1223. The Supreme Court has granted certiorari in *Montoya Palacios*. --- S. Ct. ----, 2026 WL 1855057. In that case, the Supreme Court is expected to decide the issue of "whether, under EAJA, 'any civil action' encompasses an action seeking a writ of habeas corpus to challenge civil immigration detention." *Montoya Palacios*, Petition for Writ of Certiorari, 2026 WL 1169545, at *i (Apr. 20, 2026).

Respondents argue that staying the anticipated fee petition pending the outcome of *Montoya Palacios* conserves judicial resources and avoids a decision by this Court that might rely on the wrong legal standard if the Supreme Court in the upcoming term decides that EAJA does not apply to habeas cases. Respondents contend that there is no prejudice to Petitioner in waiting because the fee request involves only money and a relatively short period of time. Petitioner requests that briefing be allowed on the EAJA application but does not object to the Court staying consideration of the merits.

"[T]he decision to grant a stay, like the decision to grant an evidentiary hearing, is 'generally left to the sound discretion of district courts.'" *Ryan v. Gonzales*, 568 U.S. 57, 74

(2013) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). The issues in the independent proceedings need not be controlling of the action before the court. *Id.* at 863-64. In applying its discretion, the district court must weigh competing interests between the parties and maintain an even balance, with the burden on the movant to show hardship:

> True, the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

*Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need."). Among the competing interests a court must consider are "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).

This is the rare case in which granting a stay pending adjudication in a different case is appropriate. The U.S. Supreme Court has decided to accept certiorari on the precise question on which Respondents object to Petitioner being able to file an EAJA application. Respondents admit that there is Ninth Circuit precedent answering this question in favor of Petitioner, but Respondents contend that the Ninth Circuit misapplied the EAJA statute. If this Court were to resolve an EAJA application by Petitioner, the Court would be required to follow Ninth Circuit

precedent. Yet, within a matter of months, the U.S. Supreme Court likely will rule on this issue and may overturn that precedent. Thus, the orderly course of justice supports staying the impending fee application. Additionally, the potential hardship to Respondents of being required to pay tens of thousands of dollars in attorney's fees when in several months the governing legal standard might change to their benefit outweighs Petitioner's hardship in waiting likely less than a year for the funds. Finally, the Court does not find a benefit in requiring the parties to brief an EAJA fee petition now and only wait on considering the merits until after the Supreme Court's decision. The decision in *Montoya Palacios* may moot Petitioner's ability to file such a request, rendering the briefing a waste of the parties' resources.

The Court GRANTS Respondents' motion to stay, ECF 32. The Court stays briefing for and consideration of Petitioner's EAJA application until 60 days after the U.S. Supreme Court decides *Montoya Palacios*.

**IT IS SO ORDERED.**

DATED this 15th day of September, 2026.

Michael H. Simon
United States District Judge